**Maria Guadalupe HERNANDEZ NAVARRO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73709.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Maria Guadalupe Hernandez Navarro, Corona, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Deborah N. Misir, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Maria G. Hernandez Navarro, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of her application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The immigration judge concluded that she was not eligible for relief because she did not have a qualifying relative who was a United States citizen and might suffer hardship upon her removal. Hernandez contends that the immigration judge violated her right to equal protection by not allowing her to apply for suspension of deportation under 8 U.S.C. § 1254 (repealed 1997), which required hardship either to the alien or to her United States citizen relatives. This contention lacks merit because Hernandez was served with a notice to appear in 2001, when suspension of deportation was no longer available to her. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003). Accordingly, her equal protection contention fails. *See Jimenez–Angeles v. Ashcroft,*

291 F.3d 594, 602–03 (9th Cir.2002) (line-drawing decisions made in context of immigration and naturalization must be upheld if rationally related to a legitimate government purpose). We lack jurisdiction to review the agency's decision to commence removal rather than deportation proceedings. *See id.* at 598–99.

**PETITION FOR REVIEW DENIED.**

